## JARRETT v LILES

Ohio Appeals, 2nd Dist, Franklin Co

No 2867.  Decided Oct 3, 1938

Boyd P. Doty, Columbus, August W. Weber, Columbus, for plaintiff-appellant.
Hamilton, Kramer & Wiles, Columbus, and Wm. T. Hayes, Columbus, for defendant-appellee.

## OPINION

**By THE COURT**

This cause had its inception in the Municipal Court of Columbus and presents a number of interesting questions. In support of the contention of each side seven briefs have been filed and we do not feel that it would be of value to take up in detail the arguments of the several parties. Both parties have assigned errors in this court. The appellee, A. E. Liles, the defendant in the Municipal Court, filed a cross appeal from the decision of the Court of Common Pleas and complains that that court in refusing to dismiss the appeal and in failing to sustain the appellee's motion to dismiss was in error and that court further erred in overruling his motion to dismiss the appeal in the Court of Common Pleas on the grounds that the appellant had not complied with the court's order requiring him to file an amended notice of appeal by filing said amendment in the Court of Common Pleas instead of in the Municipal Court.

The assignment of errors by the appellant, the plaintiff in the Municipal Court, asserts that the Court of Common Pleas erred in affirming the judgment of the Municipal Court as appears by entry in the Common Pleas Court affirming the judgment of the Municipal Court dismissing the petition of the plaintiff in that court.

The plaintiff-appellant brought suit in the Municipal Court upon a so-called promissory note executed by the defendant Liles to the West Virginia Blue Flame Coal & Coke Company. The note sued upon the Municipal Court is in the following words and figures:

"$5500.00    Columbus, Ohio, Aug. 15, 1934.

AS PROVIDED after date for value received I promise to pay the West Virginia Blue Flame Coal & Coke Company, or order, the sum of fifty five hundred dollars

with interest thereon from.....until paid at the rate of ......per cent per annum payable ......ANNUALLY.

"This note shall be paid at the rate of (.10) ten cents per ton on all coal mined and shipped from the Blue Creek Coal & Land Company's property located at Coal Ridge, West Virginia, and a sum of not less than fifty, $50.00 per month shall be paid beginning sixty days from date of issue. All payments shall be made on the 25th of each month.

(Signed) A. E. Liles."

The note bears the following endorsement:

"In pursuance of a resolution of the Board of Directors of the West Virginia Blue Flame Coal & Coke Company, a corporation, authorizing me to do so, for value received, the West Virginia Blue Flame Coal & Coke Company, a corporation, by its president by and through its authority duly given does hereby endorse, transfer and assign to C. N. Jarrett, in his own right, the within note.

"Done at Washington, D. C., this the 28th day of August, 1934.

"A copy of said resolution is hereto attached and is hereby made a part of this endorsement.

"WEST VIRGINIA BLUE FLAME COAL & COKE COMPANY, A CORPORATION
By Edward Scott, Its President."

The petition sets out a copy of the note and alleges that the West Virginia Blue Flame Coal & Coke Company sold, assigned and delivered said note to plaintiff who is now the bona fide holder and owner thereof; that on the 25th of October, 1934, and on the 25th day of each and every month thereafter there became due on the principal sum of said note $50.00 upon which $53.00 has been paid and that ten minimum monthly payments are due, no part of which has been paid, and that the amount due on the 25th day of August was $512.00 for which judgment was asked.

The answer of the defendant is lengthy and contains a general denial and a defense of fraud in numerous details, of which it is alleged the plaintiff had knowledge. It is alleged that by the subterfuge of a fraudulent assignment to him the plaintiff seeks to place himself in the position of a bona fide holder for value; that he was an actual party to said fraudulent transaction to the damage of the defendant in the sum of $29,617. Defendant prays the petition be dismissed and for judgment on his claim for damages.

A bill of exceptions is presented in which the testimony of the plaintiff appears. He testifies that Liles delivered the note to the payee; that he was secretary and treasurer of the company which at the time of the giving of the note had a lease on the mine of the Blue Creek Coal & Land Company; that on the 28th of August, 1934, the payee of the note endorsed and delivered it to him and that he is now the holder and owner of the note; that as consideration for the transfer he agreed orally with the directors of the payee that he would assume and pay certain debts and that so far as the proceeds of the note would enable him to do so, pay the stockholders the money they had paid for the stock; that he paid a portion of these obligations. He presented the authority for the sale and assignment of the note to him executed by the directors of the payee as well as a similar authority from the stockholders; that the note is a part of the purchase price of the lease which Liles in his assignments had agreed to pay for the transfer of the lease to them.

It further appears that after the alleged transfer to Jarrett a payment of $53.30 was made to the company and acknowledged by it, and it also appears that there were certain obligations of the company which had not been paid. This was all the evidence given on the trial. Thereupon the defendant moved to dismiss the plaintiff's action upon the ground that the plaintiff's promise to pay the debts of the corporation was within the statute of frauds. The motion to dismiss on this ground was overruled and thereupon the court on his own motion declared that the plaintiff's petition should be dismissed and he instructed the jury to bring in a verdict for the defendant because the plaintiff had shown by his own testimony that he was not the real party in interest. The court thereupon instructed the jury to return a verdict in favor of the defendant.

The first matter that we must determine is as to whether or not the appeal from the order of the Municipal Court to the Common Pleas Court was such as to bring the case within the jurisdiction of that court. It is urged by the cross-appellant that the appeal was not perfected in accordance with the code providing for appeals from the Municipal Court of Columbus to the Court of Common Pleas of Franklin County, it being asserted that the act to establish and simplify the method for appellate review, effective on the first

day of January, 1936, did not repeal the specific statutes covering appeals from the Municipal Court of Columbus. There seems to be no such definite repeal nor has the procedure specifically applying to appeals from the Municipal Court been in any way amended, as has been in reference to appeals from Municipal Court of Cincinnati and other cities having such courts. It is asserted by counsel that unless there has been a definite, specific repeal of these pertinent sections that they are still in force and that therefore the appeal to the Common Pleas Court was not effective.

The Municipal Court of Columbus is established under the provisions of §1558-46 et seq., GC. The section provides that it shall be a court of record. §1558-75, GC, provides for error proceedings to the Court of Common Pleas of Franklin County from a judgment or final order of the Municipal Court **under the same conditions as provided for proceedings in error from the Court of Common Pleas to the Court of Appeals.** Attention is specifically directed to §1558-75c, GC, providing for bond in case of appeal which must be given within ten days with certain definite provisions. The Court of Common Pleas rejected this claim and ordered that the appeal as regards a trial de novo on questions of law and fact be dismissed, but that said cause shall be returned for hearing on questions of law, and ordered the appellant to amend the appeal showing that it is upon questions of law only. This amended notice of appeal was given and filed in the Court of Common Pleas, which appellee claims to have been ineffective in that it should have been filed in the trial court.

Sec 12223-1, GC provides that the word "appeal" shall be construed to mean all proceedings whereby one court reviews or re-tries a cause determined by another court. Sub-section 4 provides that the appeal shall be deemed perfected when written notice of appeal shall be filed with the lower court.

Sub-section 7 provides the period of time after entry within which the appeal shall be perfected: (1) In appeals to the Supreme Court, to the Court of Appeals or **from Municipal Courts** within twenty days.

Sub-division 23 provides that a judgment or final order made by a Justice of the Peace **or any other tribunal** exercising judicial functions and inferior to the Court of Common Pleas may be reversed, vacated or modified by the Common Pleas Court upon appeal on questions of law.

Sub-division 27 provides that a judgment made by a Court of Common Pleas or by any other **court of record** may be reversed on questions of law by the Court of Appeals having jurisdiction in the county wherein the Common Pleas or other court of record is located. We have no difficulty in arriving at the conclusion that even though there be no specific repeal of the section as complained of by **Headnote 1.** the Appellate Code, that appeals from the Municipal Court of Columbus, are controlled by the provisions of such Act, and that in case of an appeal on questions of law no bond is required and that where a bond is required in appeal on questions of law and fact the failure to give such bond within the time prescribed by the statute does not defeat the jurisdiction of the court but that the cause may be retained to be tried as an appeal on law. These matters have been so recently discussed that we feel it would be a waste of time to further comment. See **Parker et, Appellants v Ingle, Appellees, 56 Oh Ap 62; Loos, Appellee v Wheeling & Lake Erie Ry. Co. et, Appellant, 134 Oh St 321.**

We are therefore of the opinion that the Court of Common Pleas did not err in refusing to dismiss the appeal and in retaining the same for hearing upon questions of law.

DID THE MUNICIPAL COURT AND COURT OF COMMON PLEAS ERR IN DISMISSING THE PETITION ON THE GROUND STATED?

Both of these courts took the position that the plaintiff by his own statement disclosed that he was not the real party in interest and therefore not entitled to bring the action upon the note in question. This question is interesting and has given us trouble. Without quoting from any of the statutes, we have examined for their pertinency §§8106, 8108, 8129, 8135, 8156, 8157, 8163, 8164, 8165, GC. The section to which our attention was definitely directed by counsel is §8156 GC, which provides.

"The holder of a negotiable instrument may sue thereon in his own name and payments to him in due course discharges the instrument."

Sec 8157 GC provides that one is a holder in due course who has taken the instrument under the conditions named. The other sections above enumerated have a pertinent bearing upon questions of the transfer of title by endorsement, but we will not enumerate them in detail. Counsel for appellee relies upon §11241, GC, which provides:

"An action must be prosecuted in the name of the real party in interest except as provided in the next three succeeding sections."

Counsel for appellant asserts that if the negotiable instruments section does not give him the right to bring the action that authority may be found in the "next three succeeding sections", the pertinent one being §11244 GC, which provides that a trustee of an express trust, a person with whom or in whose name a contract is made for the benefit of another or a person expressly authorized by statute may bring an action without joining with him the person for whose benefit it is prosecuted.

We find much of interest in the following cases which we will not comment on in detail: Nichols v Gross, 26 Oh St 425; White, Bonner & Wright v Stanley, 29 Oh St 423; Osborne v McClelland, 43 Oh St 284; Brown v Ginn, Trustee, 66 Oh St 316; Uhl v Bank, 120 Oh St 356; Independent Coal Co. v Bank, 6 C.C. (N.S.) 225.

We are conscious of the fact that some of these cases tend toward sustaining the court below, but upon full consideration of all of them we have arrived at the conclusion that the Municipal Court was without authority to dismiss the action on the ground that it was not brought by the real party in interest. We think the negotiable instrument sections quoted and cited are sufficient to maintain the right in the plaintiff to bring the action, and that the trial court was in error in dismissing such action for the reason given and that the Court of Common Pleas was in error in sustaining the trial court.

Judgment of the Court of Common Pleas reversed. Cause remanded for further proceedings in consonance with this opinion.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.